Andrew B. Downs, SBN 111435
E-mail:    andy.downs@bullivant.com
Matthew A. Trejo, SBN 320464
E-mail:    matthew.trejo@bullivant.com
BULLIVANT HOUSER BAILEY PC
101 Montgomery Street, Suite 2600
San Francisco, CA 94104
Telephone: 415.352.2700
Facsimile:   415.352.2701

Attorneys for Plaintiff Security National
Insurance Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| SECURITY NATIONAL INSURANCE COMPANY, a corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ANAHEIM, CALIFORNIA, a municipality; WOOJIN JUN, an individual; DANIEL WOLFE, an individual; DANIEL GONZALEZ, an individual,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges:

### JURISDICTIONAL ALLEGATIONS

1.      This is an action within the diversity jurisdiction of the Court pursuant to 28 U.S.C. § 1332 in that it is between citizens of different states and the amount in controversy exceeds $75,000 as shown more fully below.

2.      Plaintiff Security National Insurance Company ("Security National") is a corporation incorporated in Delaware with its principal place of business in New York. For purposes of diversity jurisdiction, Security National is a citizen of both Delaware and New York.

3.    Defendant City of Anaheim ("Anaheim"), is a municipality in Orange County, California. For purposes of diversity jurisdiction, Anaheim is a citizen of California.

4.    Defendant Woojin Jun ("Jun") is, on information and belief, a natural person resident in California who at all relevant times was a sworn Police Officer employed by Anaheim. For purposes of diversity jurisdiction, Jun is a citizen of California.

5.    Defendant Daniel Wolfe ("Wolfe") is, on information and belief, a natural person resident in California who at all relevant times was a sworn Police Officer employed by Anaheim. For purposes of diversity jurisdiction, Wolfe is a citizen of California.

6.    Defendant Daniel Gonzalez ("Gonzalez") is, on information and belief, a natural person resident in California who at all relevant times was a sworn Police Officer employed by Anaheim.

7.    Jun, Wolfe, and Gonzales are collectively described as the "Police defendants."

8.    This action concerns excess liability insurance coverage for a judgment against defendants, and each of them, for a sum in excess of $13,200,000. As shown later, the Security National policy provides $10,000,000 in excess liability coverage for losses in excess of $5,000,000, thus the amount in controversy exceeds $75,000, exclusive of interest and costs.

## COUNT 1: DECLARATORY RELIEF – DUTY TO INDEMNIFY

9.    Security National realleges, as if set forth in full at this point, each and every allegation contained in paragraphs 1 through 8.

10.    National issued a Special Excess Liability Policy to the Authority for California Cities Excess Liability pool a Joint Powers Authority, of which Anaheim was a member (the "ACCEL Pool"), for the period from July 1, 2016 to

July 1, 2017. A true and correct copy of the Security National policy is attached as Exhibit A.

11.    On or about February 15, 2017, Fermin Vincent Valenzuela filed an action in this court entitled "*Fermin Vincent Valenzuela v. City of Anaheim, et al.*" bearing case number 8:17-cv-00278-CJC-DFM. A true and correct copy of that complaint is attached as Exhibit B and is incorporated for purposes of identification only.

12.    On or about November 29, 2017 Vincent Valenzuela and Ximena Valenzuela by and through their Guardian Patricia Gonzalez, individually and as successors in interest of Fermin Vincent Valenzuela, II, deceased filed an action in this court entitled "*Vincent Valenzuela, et al. v. City of Anaheim, et al.*" bearing case number 8:17-cv-02094-CJC-DFM. A true and correct copy of that complaint is attached as Exhibit C and is incorporated for purposes of identification only.

13.    The two actions were eventually consolidated as case 8:17-cv-00278-CJC-DFM. Both complaints were amended, and eventually superseded by a common Second Amended Complaint filed March 21, 2019. A true and correct copy of that Complaint is attached as Exhibit D and is incorporated for purposes of identification. Collectively cases 0278 and 02094 will be described as the "underlying actions."

14.    Anaheim and the Police defendants were named as defendants in the underlying actions.

15.    Like many municipalities, Anaheim uses a layered risk management program which combines self-insurance, a risk management pool (the ACCEL Pool) managed by a Joint Powers Authority of which Anaheim is a member, and commercial excess insurance, in this case the Security National policy.

16.    The Security National policy attaches excess of a $5,000,000 underlying limit, which is a combination of Anaheim's Self-Insured Retention and

COMPLAINT FOR DECLARATORY RELIEF

the limits of the ACCEL pool.  Defense costs paid are included in that underlying limit.

17.     For purposes of insurance communications, Anaheim was the agent of the Police defendants and the acts and omissions of Anaheim are imputed to the Police defendants.

18.     The  underlying action arises out of the death of Fermin Vincent Valenzuela, II in July 2016 during the policy period following a confrontation with the Police defendants.

19.     The Security National policy required that Anaheim give notice to Security National of the claims arising out of the death of Mr. Valenzuela.  In particular, the policy provides:

> 1. In the event of an occurrence, offense, or a wrongful act reasonably likely to involve the Company or with respect to which the amount incurred has reached 50 percent or more of the retained limit, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the Company as soon as practicable, after the Named Insured or any person authorized by the Named Insured to give or receive notice of a claim or suit, has knowledge of the occurrence, offense, or wrongful act.

> 2. If claim is made or suit is brought against the insured which appears reasonably likely to involve the

COMPLAINT FOR DECLARATORY RELIEF

Company, the insured shall forward to the Company every demand, notice, summons or other process received by him/her or his/her representative, immediately or within a reasonable amount of time after the Named Insured or any person authorized by the Named Insured to give notice of a claim or suit has knowledge of the claim or suit.

The insured must also give the Company written notice as soon as practicable for any occurrence, offense, wrongful act, claim or suit which the insured becomes aware of that includes injury of the following types:

. . .

7.      Death;

. . .

3. The insured shall cooperate with the Company and upon its request, assist in making settlements, in the conduct of suits and in enforcing any right to contribution, subrogation or indemnity against any person or organization who may be liable to the insured because of liability with respect to which coverage is afforded under this policy, and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The insured shall not, except at its own costs, voluntarily make any payment, assume any obligation or incur any

COMPLAINT FOR DECLARATORY RELIEF

1    expense with respect to any claim or suit to which this
2    insurance applies; however, in the event that the amount
3    of ultimate net loss becomes certain either through trial
4    court judgment, arbitration award, or agreement among
5    the insured, the claimant and the Company, then the
6    insured may pay the amount of ultimate net loss to the
7    claimant to effect settlement and, upon submission of
8    due proof thereof, the Company, subject to its limit of
9    liability, shall indemnify the insured for that part of such
10   payment which is in excess of the retained limit, or shall,
11   upon request of the insured, timely make such payment
12   to the claimant on behalf of the insured.

13

14          . . .

15   20.    The underlying actions were tried in November 2019. They resulted

16   in a verdict against Anaheim and the Police defendants for $13,200,000. That

17   verdict has since been reduced to a judgment

18   21.    In breach of its obligations under the Security National policy,

19   Anaheim never notified Security National of the Valenzuela claim until after the

20   jury returned its verdict.

21   22.    By breaching its obligations under the Security National policy,

22   Anaheim prejudiced Security National by depriving Security National of the

23   opportunity to be heard in connection with settlement negotiations and the

24   decision to proceed to trial on the underlying claims.

25   23.    On November 4, 2019, shortly before trial commenced, the plaintiffs

26   in the underlying actions communicated a settlement demand for the limit of the

27   ACCEL Pool coverage plus the remaining balance Anaheim's Self-Insured

28

COMPLAINT FOR DECLARATORY RELIEF

Retention – a demand which together with the defense costs incurred by Anaheim, would equal $5,000,000.

24.     Anaheim, in breach of its obligations under the policy, did not notify Security National of the demand for the ACCEL pool limits plus the remaining balance of the Self-Insured Retention.

25.     Anaheim rejected plaintiffs' demand. Had Anaheim accepted plaintiffs' demand the underlying actions would have been concluded with no exposure to the Security National policy.

26.     By failing to notify Security National of the settlement demand by the underlying plaintiffs, Anaheim deprived Security National of the opportunity to exercise its right to tender the amount, if any, which would be payable under its policy if the case settled, in full satisfaction of its defense and indemnity obligations.

27.     In failing to give notice to Security National, both of the underlying actions and of the settlement demand, Anaheim was acting in the course and scope of its agency on behalf of the Police defendants.

28.     Defendants' breach of the notice provisions of the policy was material and relieves Security National of any obligation to indemnify defendants, and each of them, for that portion of the underlying judgment which exceeds the limits of the ACCEL Pool.

29.     Security National seeks a declaration that it has no duty to indemnify defendants, and each of them, against the judgment in the underlying actions.

WHEREFORE, Security National prays for judgment as set forth below.

COMPLAINT FOR DECLARATORY RELIEF

## COUNT 2: DECLARATORY RELIEF – DUTY TO REIMBURSE DEFENSE COSTS

30.    Security National realleges, as if set forth in full at this point, each and every allegation contained in paragraphs 1 through 8, and 10 through 27.

31.    The Security National policy provides:

After the amount of the **retained limit** has been exhausted by payment of judgments, settlements or **defense costs** or any combination thereof, the **Company** will reimburse the **insured** for excess defense costs. The **Company's** liability for excess **defense costs** is subject to, and not in addition to, the **Company's** limit of liability.

The **Company** shall have the right, but not the duty, to associate itself, at its own cost, with the **insured** in the control, investigation, defense or appeal of any claim or **suit** which, in the opinion of the **Company**, is or may be covered by the policy. The **insured** shall fully cooperate in all matters pertaining to such claim or **suit**.

No claim or **suit** shall be settled for an amount in excess of the **retained limit** without the prior written consent of the **Company**, but such consent shall not be unreasonably withheld.

32.    Defendants' breach of the notice provisions of the policy was material and relieves Security National of any obligation to reimburse defense costs for defendants, and each of them in connection with the underlying actions.

COMPLAINT FOR DECLARATORY RELIEF

33.     Security National seeks a declaration that it has no duty to reimburse defense costs in connection with the underlying actions.

WHEREFORE, Security National Insurance Company prays for judgment as follows:

1.     For a declaration that Security National has no duty to indemnify defendants, and each of them, for any portion of the judgment in the underlying actions;

2.     For a declaration that Security National has no duty to reimburse defendants, and each of them, for any defense costs in connection with the underlying actions.

3.     For costs of suit; and

4.     For such other relief as is appropriate.

DATED:  March 13, 2020

BULLIVANT HOUSER BAILEY PC


By _/s/ Andrew B. Downs_
        Andrew B. Downs
        Matthew A. Trejo

        Attorneys for Plaintiff Security National
        Insurance Company

COMPLAINT FOR DECLARATORY RELIEF

## <u>JURY DEMAND</u>

Plaintiff Security National Insurance Company demands a trial by jury of all issues triable to a jury.

DATED:  March 13, 2020

BULLIVANT HOUSER BAILEY PC

By _/s/ Andrew B. Downs_
　　Andrew B. Downs
　　Matthew A. Trejo

Attorneys for Plaintiff Security National Insurance Company

4827-3438-8145.1

*****

COMPLAINT FOR DECLARATORY RELIEF